**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tito HERRERA–TREJO, Defendant–**
**Appellant.**

**No. 05–40819**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 2, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

ON REMAND FROM THE SUPREME
COURT OF THE UNITED
STATES

PER CURIAM: *

Mr. Herrera–Trejo pleaded guilty to the charge of attempted illegal re-entry in violation of 8 U.S.C. § 1326 and was sentenced to 27 months of imprisonment, followed by three years of supervised relief. We previously affirmed the judgment. *United States v. Herrera–Trejo,* 169 Fed. Appx. 225, 226 (5th Cir.2006). The Supreme Court has vacated and remanded the case for reconsideration in light of *Lopez v. Gonzales,* —— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006). *Gutierrez–Tovar et al. v. United States,* —— U.S. ——, 127 S.Ct. 828, 166 L.Ed.2d 662 (2006). Following the Supreme Court's remand, we requested and received supplemental letter briefs from both parties regarding the impact of *Lopez.*

Mr. Herrera has since completed his term of imprisonment; immigration authorities placed a detainer on him and his counsel concedes his probable removal. His appeal is therefore moot, according to binding circuit precedent. *United States v. Rosenbaum–Alanis,* 483 F.3d 381, 383

---

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

(5th Cir.2007) ("Because the defendant has been deported ... and is legally unable, without permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding as required by Rule 43, there is no relief we are able to grant him and his appeal is moot."). We therefore DISMISS the appeal as to the judgment of sentence. We AFFIRM the judgment of conviction; Mr. Herrera's arguments in that regard remain foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

---

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.